FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SIMONE SIMONEAUX PLAINTIFF

VS. CIVIL ACTION NO.1:05cv106JMR-JMR

BSL,INC,ET AL. DEFENDANT

MEMORANDUM OPINION

This cause comes before the Court on the Motions of the Defendants, Urban Design Group, P.C., Genesis Associates, BSL, Inc. for Summary Judgment [165-1,178-1, 181-1] After duly considering the record in this action, in addition to the briefs of counsel, the depositions, affidavits and other documentation submitted by the parties, the applicable statutes and case law, and being fully advised in the premises, this Court is of the opinion that there are genuine issues of material fact and thus, the motions of the Defendants will be denied.

Plaintiff, Suzanne Simoneaux alleges that on March 23,2004 , she slipped and fell while attempting to exit the Jacuzzi tub in her junior suite at the Casino Magic Bay Tower. Complaint [1]. Plaintiff reported the incident to Security Officer, Barbara Gillum. She stated that when she was attempting to get out of the tub, she placed her foot on a bath rug and the rug slipped out from under her. Incident report , Exhibit "C' of BSL's Motion for Summary Judgement [176-4].

Plaintiff was staying in one of forty six of the hotel identical junior suites. *Id.* She testified that she had stayed in a junior suite at this location on a prior occasion with out any incident. Deposition of Simoneaux, pp.28-29, 42-43, Exhibit D to BSL's Motion for Summary Judgement [176-5]. Simoneaux testified that she did not notice any anything wrong with the

bathroom prior to entering the tub. She placed the bath rug on the floor and she noticed it was thicker then the towel and had a border. *Id.* at pp. 45-46, 54.

Simoneaux testified that she had no problem entering the tub. *Id* at p.46. After she finished her bath, she stood up, and stepped over the tub and placed her foot on the upper edge of the mat furthest from the tub. *Id.* at pp.48-50,71-72. As she was bringing her leg over the tub, Plaintiff testified that the mat skidded out from under her and she fell. *Id.*

In the spring of 2001, BSL undertook to construct the Bay Tower Hotel. Deposition of Ken Schultz attached to BSL's Motion for Summary Judgment as Exhibit "H" [176-9]. Roy Anderson Corporation was the general contractor. *Id.* at p. 14. BSL contracted with Urban Design Group [hereinafter "Urban"] to be the architect /planner/designer for the project. *Id.* All interior designs including finishes, fixtures and furnishings were selected by Genesis Associates [hereinafter "Genesis"] pursuant to a subcontract it had with Urban. *Id.* Urban designed the hotel and its configuration including the Junior suite in question. *Id.* at p.23. Genesis submitted its designs and material selections to Casino Magic for aesthetic approval. *Id.* at pp.32-33,36-37.

With regard to the Junior suite in question, Genesis selected the tile, the installer was Sanders-Hyland Corporation and the flooring supplier was G&L Marble, Inc. *Id.* at p.15. Genesis and Urban also selected the Jacuzzi tub. *Id.* at pp.24-25. Urban was responsible for determining whether certain grab bars or towel bars were in place in the hotel bathrooms. *Id.* at p.25.

Carlotta Armsdorf, Risk Manager for BSL, Inc testified that the Casino Magic Bay Tower was open to the public on May 15, 2002. Affidavit of Arnsdorff, attached to BSL's Motion for Summary Judgment as Exhibit "E" [176-6]. From the date of opening until March 23,2004, the date of the incident, Arnsdorff testified that all forty -six (46) Junior suites had the identical lay

out, bathtub, and flooring materials. The Junior suites were equipped with the same cloth bath mats and towels. *Id.*

Arnsdorff testified that there was one other reported incident that was similar to the incident reported by Plaintiff. *Id*. The incident was reported on November 8,2003 and investigated by the hotel security. *Id.* The guest did not make any claim for injury or damage. *Id.* However, Arnsdorff did testify that there was an incident reported on February 19,2003 in which a guest complained that his companion slipped and fell exiting the tub. *Id.* The guest never reported the incident himself. *Id.* The second incident was not documented by BSL, Inc's employees.

On February 25,2005, Plaintiff filed this action against defendant, Casino Magic Corporation on the theory of premises liability. On November 16,2006, Plaintiff filed an Amended Complaint [37-1] naming M CC Mechanical, LLC (the plumbing contractor), Urban Design Group (an architectural firm), P.C., Roy Anderson Corp ("RAC") (the general contractor), Genesis Associates (Interior designers), Sanders Hyland Corporation (Subcontractor for RAC for installation of flooring), G&L Marble, Inc. and G&L Marble -Atlanta (vendors of the flooring). On April 1, 2008 and April 2, 2008, the Court dismissed Defendants, G&L Marble, Roy Anderson Corporation, and Sanders Hyland Corporation.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Chapman v. Piccadilly Restaurants, Inc*., 2007 WL2872417 (S.D. Miss. 2007) citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "A

fact is 'material' if it might affect the outcome of the suit under governing law." *Id.* quoting *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). Once the moving party presents a basis for summary judgment, the non-moving party must present sufficient evidence to create a factual dispute on material issues. F.R.C.P. 56(e). Factual disputes must be both genuine and material and "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Andreson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party may not rely on mere general allegations in his pleadings to defeat a properly supported motion for summary judgment. *Wayne v. Tennessee Valley Authority*, 730 F.2d 392 (5th Cir. 1984).

Under Mississippi law, "a business owner or operator owes a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee." *Drennan v. Koger, Inc.,* 672 So. 2d 1168, 1170 (Miss.1996). There is no duty to warn of open and obvious dangers. *Richardson v. Grand Casinos of Mississippi, Inc. Gulfport, LLC,* 935 So.2d 1146,1148 (Miss. Ct. App. 2006). Moreover, the owner of the business is not an insurer against all injuries. *Id.* "Proof merely of the occurrence for a fall on the floor with a business is insufficient to show negligence on the part of the proprietor." *Jackson v. Circus, Circus Miss. Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005). The question of whether an owner of a premises is negligent for failure to repair a dangerous condition is ordinarily for the jury to decide. *Mayfield v. The Hairbender*, 903 So. 2d 733, 739 (Miss. 2005).

The Defendants assert in the Motions for Summary Judgment [165-1, 178-1, 181-1] and their Rebuttals to the Plaintiff's Response [189-1, 190-1, 191-1] that there are no genuine issues

of material fact. However, the Court finds that genuine issues of material fact exist and these issues concer the causes of the incident in which the Plaintiff's expert Michael Frenzel opined. Under Mississippi law, which is applicable to this diversity action, in order for a Plaintiff to prove a *prima facie* negligence case, the Plaintiff must prove four elements: duty, breach of the duty, causation, and damages. Duty and the breach of that duty establish negligence. Causation and damages entitle a Plaintiff to recover on the basis of the negligence. *Fisher v. Deer*, 942 So. 2d 217, 219 (Miss App.2006). BSL's Vice President of Design and Construction, Ken Schultz testified that the mock-up of the bathroom was reviewed and approved architect planner and designer, defendant, Urban Design Group, and interior designer, Genesis Associates. All of the towels, handrails and tiles were reviewed by the architect and the interior designer and later finally approved by the owner.

In Mississippi, design professional have a duty to exercise ordinary skill and diligence. *Holmes v. Wink and Wink*, *Inc.,* 811 So. 2d 330; 201 Miss. App. LEXIS 29 (Miss App. 1-16-01) *citing Magnolia Construction Co.,Inc. v. Mississippi Gulf South Engineers, Inc*., 518 So. 2d 1194, 1202 (Miss. 1988). Defendants cite *Long v. Harris*, 744 So. 2d 839 (Miss Ct. App. 1999), wherein a plumber was alleged to have preformed negligent plumbing services. In *Long*, the jury received evidence from different competing experts regarding the applicable standard of care. Defendants allege that in the pending matter there is no such evidence presented as Plaintiff has failed to present any scientific evidence that the applicable standard of care was breached. Plaintiff designated one liability expert Michael Frenzel. He opined that the marble floor was defective or created an unreasonably dangerous condition. The Defendants argue that Frenzel is not a sufficient witness for this action. Again, any determination regarding the weight to give an

expert opinion is left to the provident of the jury when there are adverse expert opinions.

In the instant case, Mr. Franzel, the Plaintiff's expert witness, states in his opinion letter that the hotel created an unsafe condition through its use of materials known to be slippery when wet, and exacerbated the situation through use of a bath mat without a non-slip backing. BSL Response to Opposition for Summary Judgment Exhibit "6" [184-6]. Frenzel also cited the Marble Institute of America's ("MIA") warning to use a mat with a non-slip surface. *Id.* Defendant's own expert, Mr. Vanderbrook stated that upon stepping out of the bath tub there was a greater tendency for the mat to slip, but in his opinion it was controllable. *Id.* Mr. Frenzel noted that the MIA stated that flooring should be furnished with an abrasive finish and indicated that a "polish" finish was not recommended for commercial bathroom flooring. *Id.* Plaintiff also refers to the Defendant Urban Design Group's assertion that the MIA is the "leading voice in the industry." Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [186].

Frenzel opines that the hotel knew or should have known through a previous incident and through reasonable investigations. *Id.* Moreover, in his opinion, given the probability of the accident and the cost of correction, the burden is on the hotel owner to alleviate the unreasonably dangerous condition. *Id.* Frenzel also stated that these Defendants were further negligent in the placement and/or failure to place grab and/or balance bars. *Id.*

A business can be held liable for conditions of which it should be reasonably aware. Defendants represent that the use of marble, the mat in question, and the placement of existing bars are prevalent in the industry, however, the Court finds that Urban Design Group and Genesis as architects/designers could be found to have had notice of any potentially dangerous conditions.

Additionally, the Court finds BSL could be found to have notice that the condition of the bathroom could be hazardous in light of the two previous incidents. "When a plaintiff has shown that the circumstances were such as to create a reasonable probability that the dangerous condition would occur, he need not prove actual or constructive notice of the specific condition." *Lockwood v. Isle of Capri, Corp.*, 962 So. 2d 645 (Miss. App. 2007) *citing F.W. Woolworth Co. v. Stokes*, 191 So. 2d 411, 416 (Miss. 1966).

Plaintiff's expert opinions demonstrate that reasonable minds could differ on the wisdom of using polished marble, placement of grab and balance bars, and bath mats without an anti-skid backing in potentially slippery conditions could have been dangerous. Especially as other incidents had occurred and the finder of fact could determine that these defendants should have used precautions necessary to prevent this sort of accident. Therefore, the Court, thus finds that the Motions of the Defendants, Urban Design Group, P.C., Genesis Associates, BSL, Inc. for Summary Judgment [165-1, 178-1, 181-1] should be denied as there are genuine issues of material fact surrounding the circumstances of Plaintiff's slip and fall.

This the 21st day of May, 2008

s/John M. Roper Sr.
UNITED STATES MAGISTRATE JUDGE